UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **James Rutherford**; and **The Association for Equal Access**, | Case No. 1:16-cv-10610 |
| Plaintiffs, | |
| v. | |
| **Rockys' Gyros Inc. d/b/a Rocky's Gyros**; and **John Fotopoulos**, individually, | Jury Trial Demanded |
| Defendants. | |

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

This Complaint is brought by Plaintiff James Rutherford, a disabled individual, and the Association for Equal Access (the "Association"), a nonprofit association, on behalf of its members, through their attorneys, Jackson LLP (Connor D. Jackson). As grounds for their complaint, Plaintiffs allege the following:

### Jurisdiction & Venue

1. This court has jurisdiction under 28 U.S.C. Sections 1331 and 1343(a)(3) and Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12188 (a)(1)-(2) (2012) ("Title III").

2. Pursuant to 28 U.S.C. Sections 1391(b) and (c), venue is proper in this district because the events of the claim arose here, and Defendants reside and do business here.

## Jury Demand

3. Plaintiffs demand a jury trial on all the issues triable by jury, pursuant to Federal Rule of Civil Procedure 38(b).

## The Parties

4. Mr. Rutherford is a disabled individual within the meaning of Title III due to an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects such as door handles, and a mobility disability, which substantially limits one or more of his major life activities, including lifting, walking, standing, and sitting.

5. Because of these disabilities, Mr. Rutherford has been issued a Permanently Disabled Handicapped Parking Placard by the State of Illinois.

6. Mr. Rutherford is therefore disabled under the meaning of 42 U.S.C. Section 12102 (1)-(4).

7. Mr. Rutherford is often near Rocky's Gyros restaurant, which is located at 5319 St. Charles Road, Berkeley, Illinois and is frequently in the nearby area.

8. Mr. Rutherford is a member of the Association.

9. The Association is a nonprofit association consisting of members formed for the common purpose of advocating for disabled individuals who cannot fully enjoy and access places of public accommodation because of Title III violations.

10. The Association's members would otherwise have standing to sue in their own right.

11. The Association's members include persons with disabilities within the meaning of the ADA who have been (or will be) patrons of Rocky's Gyros, and who are persons with mobility disabilities or any other disability covered by Title III who could otherwise assert such a claim against Rocky's Gyros.

12. The Association's interests that it seeks to protect are germane to the organization's purpose.

13. The Association is an advocate for disabled individuals who cannot access and/or fully enjoy places of public accommodation because of violations of Title III, including blocked or too narrow entrances, hallways, restrooms, doorways, and insufficient maneuvering space within the public accommodation.

14. Because of the nature of the relief sought, neither the claim asserted nor the relief requested requires the participation of its individual members in this lawsuit.

15. Rocky's Gyros is a corporation organized under the laws of the State of Illinois and doing business in Illinois.

16. Rocky's Gyros owns, operates, leases, and/or otherwise controls Rocky's Gyros restaurant, which serves food and beverage.

17. Rocky's Gyros is therefore a public accommodation under 42 U.S.C. Section 12181(7)(B).

18. Upon information and belief, John Fotopoulos owns, operates, leases, and/or otherwise controls Rocky's Gyros and Rocky's Gyros restaurant, as well as owns, leases, and/or otherwise controls the real property and building that houses Rocky's Gyros.

19. Mr. Fotopoulos is therefore subject to the provisions of Title III under 28 C.F.R. Section 36.201(b).

## Facts

20. In late summer 2016, Mr. Rutherford patronized Rocky's Gyros and encountered significant Title III violations.

21. The parking area lacked any ADA compliant handicapped accessible or van-accessible parking space or signage, causing Mr. Rutherford to have difficulty obtaining adequate parking.

22. Upon entering Rocky's Gyros, Mr. Rutherford encountered a sales and service counter that was too high. There was also no handicapped accessible seating inside or outside the facility.

23. Mr. Rutherford needed to use the restroom but discovered that neither the men's or women's restroom were handicapped accessible because of the improper placement of the

water closet in relation to the grab bars and additional obstacles to handicapped maneuverability, including latches that were too tight, insufficient grab bars, and other impediments to his full use of the facilities.

24. Because of these violations, he could not experience the full and equal enjoyment of Defendants' goods, services, and facilities in violation of Title III.

## Title III & Its Implementing Regulations

25. Title III prohibits discrimination based on disability in the activities of places of public accommodation, which are businesses that are generally open to the public, such as Rocky's Gyros restaurant. 42 U.S.C. § 12181(7)(B).

26. As the implementing administrative agency, the Department of Justice has codified mandatory regulations and standards for design of places of public accommodation, which, in relevant part, are codified at 28 C.F.R. part 36 (2016) and 36 C.F.R. part 1191 (2016).

27. The regulations provide specific design standards to ensure that, to the maximum extent feasible and/or are readily achievable, the altered portions of the facility are readily accessible to and usable by individuals with disabilities.

28. Upon information and belief, one or more Defendant has made or authorized alterations after January 1992, such that the

violations should have then been – and should now be – brought into compliance to the "maximum extent feasible" pursuant to the regulations.

29. Upon information and belief, Plaintiffs assert that there are other violations and barriers to handicapped access at Rocky's Gyros.

30. Plaintiffs intend to amend this complaint after the restaurant has been thoroughly inspected for additional violations and/or barriers to handicapped access. Plaintiffs hereby provides notice to Defendants that they seek all barriers and violations remedied.

## Count I: Violation of ADA Title III

31. Plaintiffs incorporate paragraphs 1 through 30 above as if they are stated again here.

32. Title III prohibits discrimination based on disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

33. Defendants owned, operated, leased, and/or controlled Rocky's Gyros, a place of public accommodation.

34. Plaintiffs accessed or attempted to access and use Rocky's Gyros to avail themselves of its goods and services but was

unable enjoy its full benefits because of the complained-of Title III violations.

35. Remedy of these violations is either readily achievable or required to the maximum extent feasible.

36. Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from Defendants' non-compliance with the requirements of Title III.

37. Plaintiffs are aware of existing barriers at Rocky's Gyros.

38. Plaintiffs are deterred from patronizing the Rocky's Gyros due to these barriers.

39. Plaintiffs would return to Rocky's Gyros if the barriers were removed.

40. Plaintiffs have made concrete plans to return to Rocky's Gyros.

41. Thus, Plaintiffs continue to suffer an actual and imminent injury-in-fact of threat of colorable future harm. 42 U.S.C. § 12188(a) (incorporating the remedies set forth in 42 U.S.C. § 2000a-3(a)).

42. In the alternative, returning to Rocky's Gyros would be a futile gesture under 42 U.S.C. § 12188(a) because Plaintiffs' have actual knowledge that Defendants do not intend to comply with the provisions of Title III, evidenced by their failure to respond and/or

their empty assurance in response to Plaintiffs' repeated efforts, including on the following dates:

  (a) September 13, 2016 – Plaintiffs sent a letter a to Defendants notifying them of the violations and offering to work with Defendants to resolve the significant barriers to handicapped access without litigation;

  (b) September 23, 2016 – Mr. Rutherford spoke with Defendants' counsel, who assured him that Defendants would remedy the barriers because Defendants were in the process of applying for a state gambling license to install slot machines in Rocky's Gyros;

  (c) September 27, 2016 – Mr. Rutherford provided a detailed list of Title III violations at Rocky's Gyros, as well as, the required ADA design standards;

  (d) September 28, 2016 – At Defendants' counsel's request, Mr. Rutherford provided a settlement proposal;

  (e) October 12, 2016 – Via email, Defendants' counsel agreed to the terms of the settlement proposal and indicated that it would be executed the end of that week;

  (f) October 13, 2016 through the present – Mr. Rutherford sent several emails and left several voicemails for Defendants' counsel, which were either ignored or met with empty assurances that the violations would be resolved;

(g) October 27, 2016 – Defendants' counsel assured the undersigned that Defendants' counsel would provide settlement terms by the end of that week but did not do so;

43. In sum, Plaintiffs have: (a) notified Defendants of the violations, (b) described with particularity the changes requested, consistent with Title III and its regulations, and (c) Defendants have not complied.

44. Thus, ligation is necessary and returning to Rocky's Gyros would be futile because Defendants do not intend to comply with Title III.

45. Upon information and belief, Rocky's Gyros has been modified, remodeled, or altered on or after January 26, 1992.

46. In making alterations to the restaurant, Defendants failed to make readily achievable ADA-compliant changes to the restaurant.

47. The pre-existing elements of the restaurant are not ADA-compliant to a readily achievable standard.

48. In making alterations to the restaurant, Defendants failed to make the restaurant ADA-compliant to the maximum extent feasible.

*Parking Area Violations*

49. The parking area does not contain a van-accessible parking space. 36 C.F.R. pt. 1191, app. D, §§ 502.3, 208.3.1

50. The parking area does not contain handicapped van-accessible signage. *Id.* § 502.6.

51. The handicapped parking access zone is noncompliant. *Id.* § 502.3.1.

52. The accessible parking space access zone is not located on the vehicle passenger side. *Id.* § 502.3.4.

*Restaurant Main Entrance Violations*

53. The main entrance door is not adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is more than 5 seconds. *Id.* § 404.2.8.1.

54. The entrance door handle is inaccessible. *Id.* § 404.2.7.

55. The threshold at the entrance exceeds a half-inch high, and it does not consist of a beveled slope not steeper than 1:2 or an accessible ramp. *Id.* § 303.3.

*Sale & Service Counter Violations*

56. The sales and service counter does not have a portion that has been designed for either a forward or parallel approach and which is no higher than 36 inches in height. *Id.* §§ 904.2, 904.2.

57. The check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines are noncompliant and inaccessible. *Id.* § 227.

*Accessible Seating Violations*

58. The restaurant lacks handicapped accessible indoor seating. *Id.* § 226.

59. The restaurant lacks handicapped accessible outdoor seating. *Id.* § 226.1.

*Women's Restroom Violations*

60. The door handles are not operable with one hand.

61. The door handles require tight grasping, tight pinching, and/or twisting of the wrist to operate. *Id.* §§ 309.4, 404.2.7.

62. The grab bars are inaccessible because they were not installed per Sections 604.5-604.5.2.

63. The centerline of the water closet is 15 inches from the nearest wall side wall or partition, instead of the required minimum of 16 inches. *Id.* § 604.2.

64. The lavatory and sink have insufficient clear floor space, forward approach, and knee and toe clearance. *Id.* §§ 606.2, 305-306.

65. The bottom edge of the mirror above the sink exceeds 40-inches in height in violation. *Id.* §§ 603.3.

*Men's Restroom Violations*

66. The door handles are not operable with one hand.

67. The door handles require tight grasping, tight pinching, and/or twisting of the wrist to operate. *Id.* §§ 309.4, 404.2.7.

68. The grab bars are inaccessible because the water closet is too far from the wall and they are improperly installed. *Id.* § 604.5.2. *See* Exhibit A, picture of inaccessible grab bars.

69. The centerline of the water closet is 14 inches from the nearest wall side wall or partition, instead of the required minimum of 16 inches. *Id.* § 604.2.

70. The lavatory and sink have insufficient clear floor space, forward approach, and knee and toe clearance. *Id.* §§ 606.2, 305-306.

71. The bottom edge of the mirror above the sink exceeds 40-inches in height in violation. *Id.* §§ 603.3.

72. Upon information and belief, Defendants failure to remove these barriers to handicapped access is intentional because: (a) the barriers are intuitive and obvious and (b) Defendants exercised control and dominion over the conditions at the restaurant. Thus, had Defendants intended any other configuration, they had the ability and means to remedy the barriers.

## Prayer for Relief

Plaintiffs pray that the Court:

(a) Enter judgment declaring that Defendants violated and continue to violate Title III;

(b) Enter an injunction requiring Defendants to make the restaurant readily accessible and usable by individuals with

disabilities pursuant 42 U.S.C. Section 12188(b), by ordering Defendants to: (1) cease violating the ADA, and (2) to remedy the above Title III violations;

    (c)    Award compensatory damages in such an amount as the Court finds just and proper;

    (d)    Grant Plaintiffs their attorney fees, costs, and litigation expenses incurred in prosecuting this action;

    (e)    Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

JACKSON LLP

*/s/ Connor D. Jackson*
Connor D. Jackson
Illinois ARDC No. 6317419
900 Chicago Avenue, Suite 104
Evanston, IL 60202
Tel: (847) 440-5028
Email: connor@jackson-legal.com

*Attorneys for Plaintiffs*